BRIDGES, J., for the Court.
¶ 1. The Grand Jury for Washington County indicted Tyderius Ford on the charge of felonious escape on February 24, 1997. Ford’s trial on this charge took place on August 20, 1997; he was duly convicted in a jury trial and the Washington County Circuit Court sentenced him on September 3, 1997, to five years in the *662 custody of MDOC. Ford perfected an out-of-time appeal.
STATEMENT OF THE ISSUE
DID THE TRIAL COURT ERR IN DENYING FORD’S JURY INSTRUCTION ON THE CHARGE OF MISDEMEANOR ESCAPE?
FACTS
¶ 2. The Hollandale police arrested Ty-derius Ford on an outstanding armed robbery warrant on February 3, 1996. Ford was incarcerated in the Hollandale jail when, on February 16, he escaped. Over a year later, Ford turned himself in to the authorities.
¶ 3. At trial, two police officers from the Hollandale Police Department and the chief of the Hollandale Police Department testified that Ford had been arrested pursuant to an outstanding warrant on an armed robbery charge. At the time that Ford was arrested, there was an outstanding citation filed over a year previous, which was discovered only after Ford was incarcerated. Ford argued that he was arrested pursuant to the citation, but did not provide any evidence.
¶4. The jury convicted Ford on the charge of felonious escape, and the court sentenced Ford to serve five years in the custody of the MDOC.
ANALYSIS
DID THE TRIAL COURT ERR IN DENYING FORD’S JURY INSTRUCTION ON THE CHARGE OF MISDEMEANOR ESCAPE?
¶ 5. The Supreme Court of Mississippi has held that:
The refusal of a timely requested and correctly phrased jury instruction on a genuine issue of material fact is proper, only if the trial court — and this Court on appeal — can say, taking the evidence in the light most favorable to the party requesting the instmction, and considering all reasonable favorable inference which may be drawn from the evidence in favor of the requesting party, that no hypothetical, reasonable jury could find the facts in accordance with the theory of the requested instmction.
DeLaughter v. Lawrence County Hosp., 601 So.2d 818, 824 (Miss.1992) (citations omitted).
¶ 6. Ford asked at trial for an instruction containing a misdemeanor escape charge, relying on testimony that he was delinquent on a citation. Ford argued that if he could demonstrate that the arrest on February 3 was pursuant to the citation, he should receive a misdemeanor escape instruction. However, Ford drew out no evidence that either the arresting officer or his superiors or indeed any officer on duty with the Hollandale Police on the day of his arrest were even aware of the citation until after he was incarcerated.
¶ 7. Ford did not testify in his own behalf, and called no witnesses in his behalf. He provided no further evidence in support of his theory that he was arrested on the citation. Consequently, the court determined that there was no evidentiary basis for the requested instruction.
¶ 8. Finding no error, we affirm the judgment of the Washington County Circuit Court.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF FELONY ESCAPE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
*663 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.